Petitioners' contention that the Board's denial of their application was inconsistent with its own precedent concerning similar applications lacks support in the record. The examples of the Board's past actions submitted by petitioners fail to show "sufficient factual similarity so as to warrant an explanation from the Board" *(Knight v Amelkin,* 68 NY2d 975, 978). The record also fails to support petitioners' allegations of impropriety in the Board's procedures and decision-making process. (Appeal from judgment of Supreme Court, Ontario County, Henry, J.—art 78.) Present—Callahan, J. P., Boomer, Pine, Balio and Davis, JJ.

ESTATE OF LOUIS T. ARENA, Deceased, by JEAN M. ARENA, as Executrix, Respondent, v ABBOTT & COBB, INC., Appellant. (Appeal No. 1.)— Present—Callahan, J. P., Boomer, Pine, Balio and Davis, JJ.

ESTATE OF LOUIS T. ARENA, Deceased, by JEAN M. ARENA, as Executrix, Respondent, v ABBOTT & COBB, INC., Appellant. (Appeal No. 2.)—

Defendant correctly contends on appeal that the court erred in submitting to the jury the question of whether the limitation of damages clause was unconscionable because unconscionability is a question of law to be decided by the court *(see, Sablosky v Gordon Co.,* 73 NY2d 133, 138). Although that error was harmless because the court made its own finding